### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

CLEMENTE J. CARBAJAL,                    )
                                          )
      Plaintiff,                     )
                                          )     **CIVIL ACTION**
v.                                        )
                                          )     **No. 11-1282-KHV**
FMH BENEFIT SERVICES, INC.,               )
                                          )
      Defendant.                      )
_____)

### MEMORANDUM AND ORDER

On September 14, 2011 defendant removed this case from the District Court of Ford County, Kansas, Case. No. 11-cv-109.  In the underlying petition, plaintiff seeks (1) statutory penalties under 29 U.S.C. § 1132(c)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), (2) a declaration of the parties' rights and obligations related to a third party subrogation claim which involves medical benefits and services provided to plaintiff and (3) statutory attorneys' fees under 29 U.S.C. § 1132(g).  This matter is before the Court on Plaintiff's Motion For Remand And Incorporated Memorandum Of Law (Doc. #16) filed December 5, 2012.  In his motion, plaintiff argues that he does not seek remedies under ERISA's civil enforcement provisions, 29 U.S.C. § 1132(a)(3)(A) or (B) and that as such, his petition is not subject to removal.

The Court disagrees, for substantially the reasons set out in FMH Benefit Services Inc., N/K/A Coresourse, Inc's Suggestions In Opposition To Plaintiff's Motion To Remand (Doc. #22) filed January 5, 2012.   As defendant notes, plaintiff's petition clearly alleges a claim

which arises under ERISA and is thus removable under 28 U.S.C. §1441(a).[1]  Under 29 U.S.C. §1132(e), federal district courts have exclusive jurisdiction over civil actions brought under ERISA, including actions seeking statutory penalties under §1132(c)(1)(B) and attorneys' fees under §1132(g).

And, as defendant notes, plaintiff does not allege an obvious state-law claim in his petition.  Other than statutory penalties and fees under ERISA, plaintiff seeks a declaration of the parties' rights and obligations related to a third-party subrogation claim, which appears to involve medical benefits and claim apportionment under an ERISA-governed plan. See Arana v. Ochsner Health Plan, 338 F.3d 433, 438-39 (5th Cir. 2008) (finding state declaratory judgment action involving insurer subrogation question preempted by ERISA and properly removed). Thus, plaintiff's claims arise under § 1132(e) and have been properly removed to this Court.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion For Remand And Incorporated Memorandum Of Law (Doc. #16) filed December 5, 2012 be and hereby is **OVERRULED**.

Dated this 24th day of February, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1]        Several times, defendant cites 28 U.S.C. § 1441(b) as its basis for removal.  The Court presumes this to be a typographical error, because 28 U.S.C. § 1441 was amended in 2011 and the portion of the statute upon which defendant relies moved from subsection (b) to subsection (a).